IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. ALARCON-ROMERO

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

ALEJANDRA ALARCON-ROMERO, APPELLANT.

Filed July 28, 2026.    No. A-26-001.

Appeal from the District Court for Dawson County: CHAWNTA DURHAM, Judge. Affirmed in part, and in part reversed and remanded with directions.

Tana M. Fye, of FGH Law Office, L.L.C., for appellant.

Michael T. Hilgers, Attorney General, and Jacob M. Waggoner for appellee.

PIRTLE, WELCH, and PICCOLO, Judges.

PIRTLE, Judge.

## I. INTRODUCTION

Alejandra Alarcon-Romero appeals her plea-based conviction and sentence for theft by shoplifting, value $500 or less, third or subsequent offense, in the district court for Dawson County. Based on the reasons that follow, we affirm in part and in part reverse and remand the cause with directions.

## II. BACKGROUND

On November 19, 2024, Alarcon-Romero was charged by information with two counts of theft by shoplifting, value $500 or less, third or subsequent offense, both Class IV felonies. The two counts arose from Alarcon-Romero shoplifting a bottle of tequila valued at $67.99 on two different dates. Pursuant to a plea agreement, the State dismissed one count, and Alarcon-Romero

- 1 -

pled no contest to the remaining count. As part of the plea agreement, the State also agreed to dismiss another case that was pending against Alarcon-Romero.

At the plea hearing, the parties informed the district court of the plea agreement. Alarcon-Romero entered a no contest plea to one count of theft by shoplifting, value $500 or less, third or subsequent offense, and stipulated this was a third offense. The district court informed Alarcon-Romero of her rights, including the rights she would waive by entering her no contest plea, and of the consequences associated with the charge against her; Alarcon-Romero indicated that she understood. The State provided the following factual basis to support Alarcon-Romero's no contest plea:

> On September 5th, 2024, . . . Alarcon-Romero[] entered the Plum Creek Market Place here in Lexington, Nebraska. Obtained a 750-milliliter bottle of Wilco Reposado Tequila valued at $67.99. She then went to the checkout aisle, scanned a number of items, but not the bottle of tequila. Paid for those other items and then exited the store without ever paying for the tequila. All events occurred in Dawson County, State of Nebraska.

The district court accepted Alarcon-Romero's no contest plea and found her guilty of theft by shoplifting, value $500 or less, third or subsequent offense. The district court ordered a presentence investigation report (PSI) and scheduled sentencing.

The district court sentenced Alarcon-Romero on December 1, 2025. Prior to sentencing her, the court stated it had reviewed the PSI and all relevant factors set forth in Neb. Rev. Stat. § 29-2260 (Reissue 2016). It noted that she had at least six prior theft convictions. The most jail time she had served on a theft conviction was 30 days. The court also noted that she had been placed on probation six times--four of those times probation was revoked, and the last two times she completed probation successfully. Finally, the court noted that she scored "very high" on her Level of Service, Case Management Inventory, indicating her overall risk for recidivism was very high.

The district court sentenced Alarcon-Romero to 24 months of specialized substance abuse supervision probation and 25 days in jail, with an additional 90 days waivable upon successful completion of probation. It also imposed restitution in the amount of $146.18.

## III. ASSIGNMENTS OF ERROR

Alarcon-Romero assigns the district court erred in ordering restitution in the amount of $146.18. She also assigns that her trial counsel was ineffective in (1) failing to object to the court's order of restitution or offering evidence of her inability to pay restitution and (2) failing to investigate the facts of the case and pressuring her into taking a plea agreement.

## IV. STANDARD OF REVIEW

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Rejai*, 320 Neb. 599, 29 N.W.3d 225 (2026). An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id.*

The rule that a sentence will not be disturbed on appeal absent an abuse of discretion is applied to the restitution portion of a criminal sentence, and the standard of review for restitution

is the same as it is for other parts of the sentence. *State v. McCulley*, 305 Neb. 139, 939 N.W.2d 373 (2020).

Whether a claim of ineffective assistance of counsel may be determined on direct appeal is a question of law. *State v. Lopez*, 321 Neb. 118, 32 N.W.3d 868 (2026). In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance. *Id.*

V. ANALYSIS

1. RESTITUTION

Alarcon-Romero first assigns the district court erred in ordering her to pay restitution in the amount of $146.18. She argues there was no evidence that she had the ability to pay restitution. She also argues the amount of restitution ordered included restitution in connection with count I, which was dismissed pursuant to the plea agreement.

(a) Ability to Pay

We first address Alarcon-Romero's claim that there was no evidence she had the ability to pay restitution. Neb. Rev. Stat. § 29-2280 (Reissue 2016) vests trial courts with the authority to order restitution for actual damages sustained by the victim of a crime for which the defendant is convicted. Neb. Rev. Stat § 29-2281 (Reissue 2016) elaborates that before restitution can be properly ordered, the trial court must consider (1) whether restitution should be ordered, (2) the amount of actual damages sustained by the victim of a crime, and (3) the amount of restitution a criminal defendant is capable of paying. *State v. McCulley, supra*. Although restitution, like any other part of the sentence, involves discretion, the Nebraska Supreme Court has held that sentencing courts must meaningfully consider the evidence and weigh the statutory factors set forth in § 29-2281 to determine whether restitution is appropriate. *State v. McCulley, supra.*

Although the Supreme Court has cautioned that it is always good practice for district courts to provide a record of their reasoning, § 29-2281 does not require the sentencing court to specifically articulate that it has considered the listed statutory factors. See *State v. McCulley, supra.* It also does not require that trial courts make explicit findings as to facts pertaining to the statutory factors or the relative weight given to each factor. *Id.* The absence of articulated findings is not in itself reversible error. *Id.* And absent evidence to the contrary, we presume that the sentencing court has considered the appropriate factors to be weighed before determining whether to order restitution. *Id.* As always, the burden is on the appellant to show that the sentencing court has abused its discretion. *Id.*

By its plain language, § 29-2281 does not require that the defendant be able to pay as a prerequisite to an order of restitution, so long as the defendant is not granted or denied probation or parole either solely or primarily due to his or her financial resources or ability or inability to pay restitution. *State v. McCulley*, 305 Neb. 139, 939 N.W.2d 373 (2020). While the factors of the defendant's earning ability, employment status, financial resources, and family or other legal obligations principally implicate the extent to which a defendant is able to pay restitution, notably absent from § 29-2281 is any indication that the court lacks discretion, when balancing those factors against the defendant's obligation to the victim and other considerations, to order restitution

as part of a sentence despite an inability to pay. *State v. McCulley, supra.* Instead, those factors need only be given meaningful weight. *Id.*

A sentencing court has broad discretion as to the source and type of evidence and information which may be used in determining the kind and extent of the punishment to be imposed, and evidence may be presented as to any matter that the court deems relevant to the sentence. *Id.* Furthermore, statements made by a defendant during a presentence investigation regarding his or her financial condition are the defendant's own statements and would be allowable evidence against him or her under the Nebraska Evidence Rules. *Id.*

We determine the record contains sufficient evidence for the court to consider Alarcon-Romero's ability to pay restitution. The PSI indicates that Alarcon-Romero had been employed full-time at John Deere for 9 years prior to 2022. In 2022, her mother died, and after the funeral, she did not return to John Deere. Since that time, she had been working various part-time jobs, earning approximately $400 in cash weekly. At the sentencing hearing, Alarcon-Romero's counsel stated that Alarcon-Romero was working. There were no further details provided. There was also evidence that she was living in her mother's house rent-free. Accordingly, although the court did not make explicit findings regarding the amount of restitution Alarcon-Romero could pay, we presume the district court gave meaningful weight to her earning ability, employment status, financial resources, and family or other legal obligations. Further, as noted above, § 29-2281 does not require that the defendant be able to pay as a prerequisite to an order of restitution. Alarcon-Romero's argument that there was no evidence she had the ability to pay restitution fails.

### (b) Amount of Restitution

Alarcon-Romero also argues that the amount of restitution ordered included the purported loss in count I, which was dismissed pursuant to the plea agreement. Alarcon-Romero was initially charged with two counts of theft by shoplifting, value $500 or less. Each count arose from Alarcon-Romero shoplifting a bottle of tequila valued at $67.99. Pursuant to the plea agreement, one count was dismissed. However, the court ordered her to pay restitution in the amount of $146.18. This was the amount requested by the store manager for the two bottles of tequila Alarcon-Romero stole from the store, including tax. Therefore, it seems the court ordered restitution in connection with both counts of theft by shoplifting, value $500 or less.

Under § 29-2280, it is only with the consent of the parties that the court may order restitution for the actual physical injury or property damage or loss sustained by the victim of an uncharged offense or an offense dismissed pursuant to plea negotiations. Alarcon-Romero asserts she did not consent to pay restitution for the loss associated with the count that was dismissed. The State agrees that the district court erred in including the loss sustained for the offense that was dismissed in the amount of restitution. Therefore, we reverse the order of restitution and remand the cause to the district court to modify the amount of restitution to reflect only the loss related to Alarcon-Romero's conviction for one count of theft by shoplifting, value $500 or less.

### (c) Plain Error

The State also suggests that there is plain error in that the district court failed to specify whether the restitution was to be made immediately, in specified installments, or within a specified period of time, as set forth in § 29-2281. We agree. Plain error exists where there is an error, plainly

evident from the record but not complained of at trial, which prejudicially affects a substantial right of a litigant and is of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, and fairness of the judicial process. *State v. Street*, 306 Neb. 380, 945 N.W.2d 450 (2020). The Supreme Court has held that it is plain error for a sentence of restitution to fail to specify whether the restitution is to be made immediately, in specified installments, or within a specified period of time. *Id.* The court has stated that although § 29-2281 offers options, one option must be ordered. *State v. Street, supra.* In the present case, the district court ordered restitution but failed to state how it was to be paid. Accordingly, when modifying the amount of restitution on remand, as previously ordered in this opinion, the district court is also directed to specify whether restitution is to be made immediately, in specified installments, or within a specified period of time.

## 2. INEFFECTIVE ASSISTANCE OF COUNSEL

Represented by new counsel on direct appeal, Alarcon-Romero assigns that her trial was ineffective in two ways: (1) failing to object to the court's order of restitution or offering evidence of her inability to pay restitution and (2) failing to investigate the facts of the case and pressuring her into taking a plea agreement. We first review the principles and requirements for ineffective assistance of counsel claims before examining Alarcon-Romero's claims.

### (a) Ineffective Assistance of Counsel Principles and Requirements

When a defendant's trial counsel is different from counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record, or else the claim will be procedurally barred. This is true even if we ultimately cannot decide the issue on direct appeal. *State v. Rupp*, 320 Neb. 502, 28 N.W.3d 74 (2025). The appellate court will determine if the record on appeal is sufficient to review the merits of the ineffective performance claims. *Id.*

Generally, to prevail on a claim of ineffective assistance of counsel under the framework established by the U.S. Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defense. *State v. Lopez*, 321 Neb. 118, 32 N.W.3d 868 (2026). To show that counsel's performance was deficient, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *Id.*

To show prejudice in a claim of ineffective assistance of counsel, the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *Id.* A reasonable probability of prejudice is a probability sufficient to undermine confidence in the outcome. *Id.* In determining whether there is a reasonable probability that any deficient performance of trial counsel would have resulted in a different outcome in the proceeding, an appellate court may properly consider the strength of the admissible evidence relating to the controverted issues in the case. *Id.*

Although prevailing on a claim of ineffective assistance under *Strickland* requires proving both that counsel's performance was deficient and that the deficient performance actually prejudiced the defendant, a defendant seeking to raise a claim of ineffective assistance on direct

appeal is not required to make specific allegations of prejudice. *State v. Lopez, supra*. However, any time a defendant seeks to raise an ineffective assistance claim, whether on direct appeal or in a postconviction motion, the defendant must specifically assign and specifically argue the alleged deficient performance, and must do so with sufficient particularity. *Id.*

To sufficiently allege deficient performance, the allegations must include a description of the specific conduct alleged to constitute deficient performance. *Id.* The description of deficient performance must be particular enough to (1) allow an appellate court to determine whether the claim can be decided upon the trial record and (2) allow a district court reviewing a later postconviction motion to recognize whether the claim was raised on direct appeal. *Id.* To allege deficient conduct with specificity requires more than generalities of inadequate preparation or failures to introduce beneficial evidence. *Id.* An allegation will be sufficiently specific when it addresses a specific issue that does not require additional information to understand precisely what the assignment attacks. *Id.* Although the argument section of the brief should elaborate on the alleged deficiencies by discussing legal authority and its application to the trial record, the argument section should not be used to set forth, for the first time, what the allegedly deficient conduct was. *Id.*

(b) Failure to Object to Order of Restitution and Failure to Offer Evidence of Inability to Pay

Alarcon-Romero assigns that her trial counsel was ineffective in "failing to object to the lower court's order of restitution or offering evidence of her inability to pay." Regarding the allegation that counsel failed to offer evidence of Alarcon-Romero's ability to pay restitution, we have already determined there was evidence in the record regarding her ability to pay. Therefore, counsel was not deficient in failing to offer evidence.

As to trial counsel's failure to object to the order of restitution, we also determined that the district court erred in the amount of restitution it ordered and in failing to specify whether restitution was to be made immediately, in specified installments, or within a specified period of time. Accordingly, Alarcon-Romero was not prejudiced by counsel's failure to object because the errors surrounding restitution will be corrected upon remand to the district court. Alarcon-Romero's first claim of ineffective assistance of counsel fails.

(c) Failure to Investigate Facts of Case and Pressure to Take Plea Agreement

Alarcon-Romero next assigns that her trial counsel was ineffective in "failing to investigate the facts of the case and pressuring her into taking a plea agreement." This is a broad, conclusory allegation that lacks the specificity required to raise a claim of ineffective assistance. It fails to describe with any particularity what information counsel failed to investigate. It also fails to describe what counsel did or said that made her feel pressured into taking a plea agreement and constituted deficient performance. This assignment of ineffective assistance of counsel was not sufficiently alleged and will not be further discussed.

VI. CONCLUSION

We conclude the district court did not err in finding the record supported an order of restitution but did err in the amount of restitution it ordered and failing to specify whether restitution was to be made immediately, in specified installments, or within a specified period of

time. Regarding the claims of ineffective assistance of counsel, one claim fails and the other was insufficiently alleged. Accordingly, we reverse the order of restitution and remand the cause to the district court with directions to order restitution in an amount that reflects only the loss related to Alarcon-Romero's conviction for one count of theft by shoplifting, value $500 or less, and to specify whether restitution is to be made immediately, in specified installments, or within a specified period of time.

AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED WITH DIRECTIONS.